IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-08-502 |
| v. | § | |
| | § | CIVIL ACTION NO. H-14-1928 |
| JAMES RAMEY. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant James Ramey,[1] proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 194.)  The Government filed a motion to dismiss on December 8, 2014 (Docket Entry No. 206), and served Defendant a copy at his address of record that same date.  Defendant did not file a response to the motion to dismiss until January 28, 2015 (Docket Entry No. 215).  The response is untimely and is **ORDERED STRICKEN FROM THE RECORD**.[2]

Based on consideration of the motions and supporting memoranda, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DENIES** the section 2255 motion, as follows.

---

[1]Defendant is also known as James Maceo Ramey, James Maceo Ramey, II, Jim Ramey, Henry Ramey, John Shuler, Joe Hill, and Frank Bartuka,

[2]In the interest of justice, the Court has reviewed the response and finds that, had the response been timely filed, it would not have changed the Court's ruling on the motion to dismiss.

# I.  BACKGROUND AND CLAIMS

The jury found Defendant guilty of bankruptcy fraud, concealment of assets, false oaths, and mail fraud.  The Court sentenced Defendant to 188 months imprisonment, followed by a total of three years of supervised release, and ordered him to pay $777,051.41 in restitution.  The convictions were affirmed in an unpublished opinion on appeal.  *United States v. Ramey*, 531 Fed. App'x 410 (5th Cir. 2013).

Defendant raises the following claims in the instant motion:

1.    Defendant's Sixth Amendment rights were violated "by the wrongful punishment inflicted" on him.

2.    The trial court lacked subject matter jurisdiction over the indictment.

3.    Counts 2 through 25 were barred by limitations.

4.    Trial counsel was ineffective in failing to

      a.    challenge the indictment as barred by limitations;

      b.    challenge the jurisdiction of the court;

      c.    object to the adjusted base offense level and criminal history in the PSR and at sentencing;

      d.    investigate his health condition; and

      e.    raise insufficient evidence in a Rule 29 motion.

5.    Appellate counsel failed to challenge the sufficiency of the evidence.

The Government argues that these claims are without merit and should be dismissed.

2

## II.  STANDARD OF REVIEW

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982).  He may challenge his conviction or sentence after it is final by moving to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Relief under section 2255 is reserved, however, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).  Section 2255 relief is available only in limited circumstances, and is not meant to substitute for an appeal. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991).  Issues raised and decided on appeal from the underlying conviction are not considered in section 2255 proceedings.  "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in section 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Generally, a conviction will be overturned under section 2255 only if the defendant raises "issues of constitutional or jurisdictional magnitude" and demonstrates "cause and actual prejudice." *Id.*  That is, section 2255 relief is not to be used for the routine correction of run-of-the-mill legal or factual errors, particularly if these issues could have been raised on appeal.

3

### III.  WRONGFUL PUNISHMENT

Defendant argues that his Sixth Amendment rights were violated "by the wrongful punishment inflicted" on him.

As stated above, relief under section 2255 is reserved for constitutional violations that could not have been raised and addressed on direct appeal. *Capua*, 656 F.2d at 1037. Section 2255 proceedings are not substitutes for direct appeals. *Shaid*, 937 F.2d at 231–32. Defendant's challenge to the constitutionality of his punishment was a record claim that should have been raised on direct appeal. Defendant fails to show that the issue could not have been raised on appeal, and he neither alleges nor shows "cause and prejudice" for the procedural default. *See United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994); *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  Nor does Defendant establish an error of constitutional magnitude that would result in a complete miscarriage of justice if unaddressed in this proceeding. *See Shaid*, 937 F.2d at 231.

Even assuming this issue were properly before the Court, it has no merit.  Defendant contends that the indictment in his case did not include all of the elements of the crimes because the indictment did not apprise him of the amount of loss that would be held against him at sentencing.  As correctly noted by the Government in its motion, loss amount is not an element of any of the crimes charged in the indictment.  Rather "loss amount" is a fact determined by the court by a preponderance of the evidence for sentencing purpose. *See United States v. Simpson*, 741 F.3d 539, 556–57 (5th Cir. 2014).  Defendant's argument that

"loss amount" was an issue to be determined by the jury, not the judge, is foreclosed by established Fifth Circuit precedent. *See United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009); *United States v. Pineda–Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007); *United States v. Stevens*, 487 F.3d 232, 245–46 (5th Cir. 2007).

The Government is entitled to dismissal of this habeas claim.

## IV.  SUBJECT MATTER JURISDICTION

Defendant contends that the trial court lacked subject matter jurisdiction over the indictment due to defects in the indictment. This, too, is a claim of record that should have been raised on direct appeal and is procedurally defaulted at this point. Defendant fails to argue or establish cause and prejudice regarding the default.

To any extent Defendant's claim is properly before the Court, the claim has no merit. Defendant again bases his claim on his erroneous argument that the indictment was required to include the amount of loss that would be held against him at sentencing. This Court had subject matter jurisdiction under 18 U.S.C. § 3231, which states in pertinent part that "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." The indictment properly alleged twenty-five offenses against the laws of the United States, and the Court had subject matter jurisdiction.

The Government is entitled to dismissal of this habeas claim.

5

## V.  LIMITATIONS

Defendant argues that Counts 2 through 25 of the indictment were barred by limitations.  The Fifth Circuit holds that limitations is an affirmative defense which is waived if not raised during trial.  *United States v. Arky*, 938 F.2d 579, 581–82 (5th Cir. 1991).  Defendant did not raise the issue of limitations at trial or on direct appeal, and the issue is now procedurally defaulted.  Defendant fails to establish good cause or prejudice for the default, and the claims must be dismissed.

Regardless, Defendant fails to show that Counts 2 through 25 of the indictment were barred by limitations.  As correctly argued by the Government, a five-year statute of limitations applied to these counts under 18 U.S.C. § 3282(a).  The original indictment was returned on July 24, 2008, and the relevant counts alleged acts that occurred between  July 28, 2003, and May 5, 2004, as shown on the indictment itself.  Defendant's conclusory and unsupported allegations fail to demonstrate that the counts were barred by limitations.

The Government is entitled to dismissal of these habeas claims.

## VI.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

To prevail on his claims of ineffective assistance of counsel, Defendant must show that counsel's performance was so defective that it prejudicially violated his constitutional right to effective assistance of counsel.  Defendant must satisfy a two-pronged test under the familiar *Strickland* standard, and the Court can consider the prongs in either order.  *Strickland v. Washington*, 466 U.S. 668 (1984).  Under the first prong, Defendant must

show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687–88. Defendant must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* Under the second prong, Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* The Fifth Circuit Court of Appeals has held that, under *Strickland*, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002).

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. It is the defendant's burden to overcome the strong presumption of reasonableness. *Id.* In deciding a claim of ineffective assistance, the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 690. *Strickland* demands that the likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter*, 562 U. S. ____, 131 S. Ct. 770, 792 (2011).

Defendant claims that trial counsel was ineffective in the following instances.

A.      Failure to challenge the indictment as barred by limitations

The Court has already rejected Defendant's claims that the indictment counts were barred by limitations. Accordingly, trial counsel was not ineffective in failing to raise these meritless claims. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that counsel is not ineffective for failing to raise meritless objections).

Habeas relief is unwarranted, and the Government is entitled to dismissal of these habeas claims.

B.      Failure to challenge the Court's jurisdiction

The Court has also rejected Defendant's claim that it lacked subject matter jurisdiction. Thus, trial counsel was not ineffective in failing to raise this meritless claim. *See Clark*, 19 F.3d at 966.

Habeas relief is unwarranted, and the Government is entitled to dismissal of this habeas claim.

C.      Failure to object to the adjusted base offense level and criminal history

Defendant argues that trial counsel was ineffective at sentencing in failing to object to the adjusted base offense level of 33 and criminal history of II, because a false passport (passport fraud) conviction was improperly used in making the calculations. Defendant further argues that counsel should have raised the same objection to inclusion of the conviction in the PSR.

8

In presenting this claim, Defendant states nothing more than the conviction was improperly used in the calculation. He cites no relevant case or statutory law demonstrating error, and fails to show that, had counsel objected to inclusion of the conviction, it would have constituted reversible error for the Court to overrule the objection. Because Defendant fails in this preliminary proof, he fails to show that, but for counsel's failure to object, there is a reasonable probability that he would have received a lesser sentence. Defendant establishes neither deficient performance nor prejudice, and no *Strickland* error is shown.

Habeas relief is unwarranted, and the Government is entitled to dismissal of this habeas claim

D.     <u>Failure to investigate Defendant's health condition</u>

Defendant next argues that trial counsel was ineffective in failing to inform the jury that Defendant was a diabetic and that his failure to control his diabetes left him unfocused and unable to formulate "mens rea" to commit the criminal offenses. Defendant also appears to argue that trial counsel instructed him not to testify at trial.

In responding to these allegations, trial counsel submitted an affidavit to the Court, in which he testifies as follows:

> [Defendant] alleges that his serious diabetes illness interfered with his ability to assist his counsel, and that I was aware of his condition. [Defendant] did advise me that he had several serious health issues that he claimed were caused by his exposure to Agent Orange in Vietnam. The government provided his military records that he never served in Vietnam and was never exposed to Agent Orange. This was the subject of another indictment the government threatened to bring based on allegations [Defendant] lied to the

Magistrate Judge at one of his court appearances.  Without responding to whether or not [Defendant] was actually exposed to Agent Orange, I can unequivocally state that at no time did [Defendant] and I have any problems communicating at either of his trials.  To the contrary, we had very spirited discussions.  Furthermore, at no time did [Defendant] tell me his illnesses were interfering with either his ability to understand the proceedings or to communicate with me.  Finally, it was very clear to me at both trials that [Defendant] understood very clearly what was transpiring, and communicated with me in an intelligent manner.

[Defendant] also alleges that I was ineffective for telling him before trial that he should not testify, without explaining why.  I never told [Defendant] not to testify, nor have I ever told any client not to testify.  I may advise a client that my *advice* is to testify, or not testify, as the case may be, and explain why that is my advice.  However, I always make it explicitly clear that it is 100% their choice to make.  I so advised [Defendant].  He chose to not testify.

(Docket Entry No. 203, p. 2, original emphasis.)

Defendant presents as support only his self-serving, conclusory allegations that his diabetes left him unable to formulate the mens rea necessary to support a criminal offense. His assertions are not borne out by the record.  The evidence presented at trial in this case shows that Defendant was involved on a day-to-day basis in the events and transactions giving rise to the criminal offenses, and that he directed others – particularly, his daughter – in their performance of events and transactions that formed the relevant criminal activities. Defendant does not establish what further investigation by counsel would have shown, and no deficient performance is shown.  Defendant further fails to establish that, but for counsel's failure to investigate Defendant's diabetic condition, there is a reasonable

probability that the result of the trial would have been different. No prejudice under *Strickland* is shown.

Similarly, Defendant presents only unsupported conclusory allegations that trial counsel forced him not to testify at trial. Trial counsel testifies in his affidavit that he *advised* Defendant as to whether he should testify, and that it was Defendant's decision not to testify. Defendant submitted his own affidavit in support of his section 2255 motion, and stated that trial counsel told him before trial that he would not be testifying. However, in light of counsel's testimony that Defendant elected not to testify, counsel's statement was accurate – Defendant would not be testifying. Defendant does not state that he had wanted to testify but was prevented from testifying by counsel. Nor does Defendant state in his affidavit that he had expressly told counsel he wanted to testify but that counsel refused to allow it. In short, Defendant does not establish that, but for counsel's alleged actions, there is a reasonable probability that Defendant would have testified and that the results of the trial would have been different. Defendant fails to establish either deficient performance or actual prejudice under *Strickland*.

Habeas relief is unwarranted, and the Government is entitled to dismissal of this habeas claim.

E.     Failure to challenge the evidence in a Rule 29 motion

Defendant next claims that trial counsel should have challenged the evidence by moving for a judgment of acquittal under Rule 29, Federal Rules of Criminal Procedure.

Defendant claims that the motion would have been granted because the Government's evidence was insufficient to support a conviction.

Defendant's conclusory argument is without merit. As the primary basis for his challenge to the evidence, Defendant contends that a crucial element of the bankruptcy fraud crimes charged in the indictment is proof that the alleged bankruptcy proceeding were filed under Title 11 of the Bankruptcy Code. Defendant argues that his bankruptcy proceedings were Chapter 13 proceedings, not Chapter 11 proceedings. (Docket Entry No. 196, pp. 12–14.) Defendant is confused. "Chapter 11" and "Title 11" are not the same statutory provision. To prevail in its prosecution of Defendant under the bankruptcy fraud statute and the indictment, the Government did not need to prove that Defendant's bankruptcy petitions were Chapter 11 petitions. Trial counsel noted in his affidavit that Defendant was clearly confused:

> [Defendant's] argument is that bankruptcy fraud only applies to Chapter 11 bankruptcies and all of his bankruptcies were under Chapter 13. [Defendant] is apparently confusing Title 11 with chapter 11. [Defendant's] bankruptcies were filed under Title 11, and therefore fell under the bankruptcy fraud statute.

(Docket Entry No. 203, p. 1.) Trial counsel was not deficient in failing to raise the objection outlined by Defendant, because the objection would have been frivolous. Nor can Defendant show that, but for counsel's failure to raise the objection, there is a reasonable probability that the result of the trial would have been different. Neither deficient performance nor prejudice are demonstrated.

12

Habeas relief is unwarranted, and the Government is entitled to dismissal of this habeas claim.

## VII. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Defendant must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, Defendant must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687–88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998).

Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690–91.

Defendant claims that appellate counsel was ineffective in failing to challenge the sufficiency of the evidence as to Counts 1 through 17 in the superseding indictment. In support, Defendant again relies on his erroneous belief that "Title 11" and "Chapter 11" are

the same statutory provision, and that the bankruptcy fraud provisions did not apply to Chapter 13 petitions.  Thus, Defendant fails to show that, had appellate counsel argued that the bankruptcy fraud charges were baseless because the bankruptcy petitions were filed under Chapter 13, the results of the appeal would have been different.   Defendant establishes neither deficient performance nor actual prejudice under *Strickland*.

Habeas relief is unwarranted, and the Government is entitled to dismissal of this habeas claim.

## VIII.  CONCLUSION

The Government's motion to dismiss (Docket Entry No. 206) is **GRANTED** and Defendant's section 2255 motion (Docket Entry No. 194) is **DENIED.**  A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED** to **ADMINISTRATIVELY CLOSE** and **TERMINATE** all pending motions in the corresponding civil case, C.A. No. H-14-1928.

Signed at Houston, Texas, on this the 18th day of February, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

14